IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-00586-REB-PAC

DIANA ALLEN,

    Plaintiff,

v.

NELNET, INC., a Nebraska corporation,

    Defendant.

ORDER RE: DEFENDANT'S MOTION TO COMPEL

Patricia A. Coan, United States Magistrate Judge

    Plaintiff Diane Allen, *pro se*, asserts claims of libel and defamation of character against defendant Nelnet, Inc., a financial lender, arising out of defendant's actions in reporting to the major credit-reporting agencies that plaintiff had defaulted on her student loan payments.

    Plaintiff, who resides in Alamosa, Colorado, originally filed suit against defendant in Denver District Court.  Defendant, a Nebraska corporation, removed the action to this court under the federal diversity jurisdiction statute, 28 U.S.C. §1332.  The case has been referred to the undersigned pursuant to 28 U.S.C. §636(b) for pretrial management. *See* April 4, 2006 Order of Reference.

    The matter before the court at this time is Defendant's Motion to Compel Plaintiff to Appear for Deposition in Denver, Colorado, filed October 17, 2006.  Defendant served plaintiff with a Notice of Deposition stating that her deposition would take place on October 19, 2006 at the Denver, Colorado office of defendant's counsel. Motion to Compel, Ex. B.

Plaintiff responded that she would not appear for her deposition in Denver because she is financially unable to travel from Alamosa to Denver. *Id.*, Ex. C. Specifically, plaintiff advised defendant that she does not own a vehicle, and that she cannot afford bus fare and two nights lodging,[1] plus meals, at this time. *Id.*

A plaintiff is expected to appear for her deposition in the forum where she initiated her lawsuit absent extreme hardship. *Clem v. Allied Van Lines Int'l Corp.*, 102 F.R.D. 938, 939 (S.D.N.Y.1984); *see, also, United States v. Rock Springs Vista Development*, 185 F.R.D. 603, 604 (D.Nev.1999)*(*stating that a plaintiff cannot evade her obligation to appear at her deposition without a showing of extreme hardship).

When plaintiff filed suit in Denver District Court, she was granted leave to proceed without payment of the filing fee. *See* Notice of Removal, filed March 30, 2006, Ex. D. Plaintiff stated, in her supporting financial affidavit dated January 2006, that her gross monthly income was less than $750 and that her total monthly expenses were approximately $600.[2] (*Id.*) Plaintiff estimates that it will cost her approximately $300 to attend her deposition in Denver.

I find that plaintiff has demonstrated adequately that appearing in Denver for a deposition would impose an extreme financial hardship on her. Accordingly, it is

HEREBY **ORDERED** that Defendant's Motion to Compel Plaintiff to Appear for Deposition in Denver, Colorado, filed October 17, 2006, is **DENIED**. Defendant may

---

[1] Defense counsel told plaintiff that her deposition would require a full day which would necessitate plaintiff arriving by bus in Denver one day before the deposition and departing Denver the day after the deposition. Motion to Compel, Ex. C.

[2] Plaintiff now represents in response to Defendant's Motion to Compel that her mandatory monthly expenses are $800 per month.

depose plaintiff in Alamosa, Colorado.  Alternatively, the court will permit defendant to take plaintiff's deposition by telephone.  It is

**FURTHER ORDERED** that the discovery deadline is extended to **December 1, 2006** for the purpose of taking plaintiff's deposition.

Dated November 2, 2006.

> BY THE COURT:
>
> s/ Michael J. Watanabe *for*
> PATRICIA A. COAN
> United States Magistrate Judge